1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GARY LASHER,

11              Plaintiff,                    No.  2: 11-cv-2564 WBS KJN P

12        vs.

13   R. MIRANDA, et al.,

14              Defendants.            ORDER

15   _____/

16              Plaintiff is a state prisoner and is proceeding without counsel.  Plaintiff seeks

17   relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis

18   pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C.

19   § 636(b)(1) and Local Rule 302.

20              Plaintiff has submitted a declaration that makes the showing required by

21   28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.

23   28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing

24   fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

25   will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust

26   account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make

1  monthly payments of twenty percent of the preceding month's income credited to plaintiff's

2  prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of

3  the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid

4  in full.  28 U.S.C. § 1915(b)(2).

5         The court is required to screen complaints brought by prisoners seeking relief

6  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9  granted, or that seek monetary relief from a defendant who is immune from such relief.

10  28 U.S.C. § 1915A(b)(1),(2).

11         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989); Franklin, 745 F.2d at 1227.

18         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

19  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

20  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

21  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

22  (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more

23  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

24  allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,

25  "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair

26  notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551

U.S. 89, 93 (2007) (quoting <u>Bell Atlantic Corp.</u>, 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question,  <u>id.</u>, and construe the pleading in the light most favorable to the plaintiff.  <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

The court has reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a potentially cognizable claim against defendants Miranda and Pomazal.  <u>See</u> 28 U.S.C. § 1915A.

For the reasons stated below, the court finds that the complaint does not state a cognizable claim against the remaining defendants.  The claims against those defendants are hereby dismissed with leave to amend.

Plaintiff's complaint contains no specific allegations against defendants Nepomuceno and Swingle.  The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u> <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

1    Moreover, supervisory personnel are generally not liable under § 1983 for the

2 actions of their employees under a theory of respondeat superior and, therefore, when a named

3 defendant holds a supervisorial position, the causal link between him and the claimed

4 constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

5 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v.

6 Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where

7 there is no evidence of personal participation).  Vague and conclusory allegations concerning the

8 involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board

9 of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of

10 personal participation is insufficient).

11    Because plaintiff has failed to link defendants Nepomuceno and Swingle to the

12 alleged deprivations, the claims against these defendants are dismissed with leave to amend.

13    Plaintiff may proceed forthwith to serve defendants Miranda and Pomazal and

14 pursue his claims against only these defendants or he may delay serving any defendant and

15 attempt to state a cognizable claim against defendants Nepomuceno and Swingle.

16    If plaintiff elects to attempt to amend his complaint to state a cognizable claim

17 against the remaining defendants, he has thirty days in which to do so.  He is not obligated to

18 amend his complaint.

19    If plaintiff elects to proceed forthwith against defendants Miranda and Pomazal,

20 against whom he has stated a potentially cognizable claim for relief, then within thirty days he

21 must return materials for service of process enclosed herewith.  If plaintiff proceeds with service,

22 the court will construe plaintiff's election as consent to dismissal of all claims against defendants

23 Nepomuceno and Swingle without prejudice.

24    Plaintiff is advised that in an amended complaint he must clearly identify each

25 defendant and the action that defendant took that violated his constitutional rights.  The court is

26 not required to review exhibits to determine what plaintiff's charging allegations are as to each

1   named defendant.  The charging allegations must be set forth in the amended complaint so

2   defendants have fair notice of the claims plaintiff is presenting.

3        Any amended complaint must show the federal court has jurisdiction, the action is

4   brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It

5   must contain a request for particular relief.  Plaintiff must identify as a defendant only persons

6   who personally participated in a substantial way in depriving plaintiff of a federal constitutional

7   right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the

8   deprivation of a constitutional right if he does an act, participates in another's act or omits to

9   perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff

10   contends he was the victim of a conspiracy, he must identify the participants and allege their

11   agreement to deprive him of a specific federal constitutional right.

12        In an amended complaint, the allegations must be set forth in numbered

13   paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a

14   single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate

15   transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P.

16   10(b).

17        The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara,

18   307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved

19   any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ.

20   P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must

21   be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

22   N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

23   which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. Plaintiff must

24   not include any preambles, introductions, argument, speeches, explanations, stories, griping,

25   vouching, evidence, attempts to negate possible defenses, summaries, and the like.  McHenry v.

26   Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for

1    violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998)

2    (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in

3    prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's

4    pleading within minutes.  McHenry, 84 F.3d at 1179-80.  A long, rambling pleading including

5    many defendants with unexplained, tenuous or implausible connection to the alleged

6    constitutional injury, or joining a series of unrelated claims against many defendants, very likely

7    will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

8    plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

9           A district court must construe a pro se pleading "liberally" to determine if it states

10   a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff

11   an opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

12   While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a

13   cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129

14   S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

15   Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that

16   is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).

17              A claim has facial plausibility when the plaintiff pleads factual
                content that allows the court to draw the reasonable inference that
18              the defendant is liable for the misconduct alleged. The plausibility
                standard is not akin to a "probability requirement," but it asks for
19              more than a sheer possibility that a defendant has acted unlawfully.
                Where a complaint pleads facts that are merely consistent with a
20              defendant's liability, it stops short of the line between possibility
                and plausibility of entitlement to relief.
21

22   Id. (citations and quotation marks omitted).  Although legal conclusions can provide the

23   framework of a complaint, they must be supported by factual allegations, and are not entitled to

24   the assumption of truth.  Id. at 1950.

25           An amended complaint must be complete in itself without reference to any prior

26   pleading.  Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).  California prisoners or parolees may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare."  Cal. Code Regs. tit. 15, §§ 3084.1, et seq.  An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested."  Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department.  Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for leave to proceed in forma pauperis (Dkt. No. 5) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Claims against defendants Nepomuceno and Swingle are dismissed with leave to amend.  Within thirty days of service of this order, plaintiff may amend his complaint to

attempt to state cognizable claims against these defendants.  Plaintiff is not obliged to amend his complaint.

4.  The allegations in the pleading are sufficient to state a cognizable claim against defendants Miranda and Pomazal.  <u>See</u> 28 U.S.C. § 1915A.  With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed September 29, 2011, one USM-285 form and instructions for service of process on defendants Miranda and Pomazal.  Within thirty days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and one copy of the September 29, 2011 complaint.  The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4.  Defendants Miranda and Pomazal will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants Nepomuceno and Swingle without prejudice.

5.  Failure to comply with this order will result in a recommendation that this action be dismissed.

DATED:  October 14, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

lash2564.14

8

1

2

3

4                          IN THE UNITED STATES DISTRICT COURT

5                         FOR THE EASTERN DISTRICT OF CALIFORNIA

6    GARY LASHER,

7              Plaintiff,                        No. 2: 11-cv-2564 WBS KJN P

8         vs.

9    R. MIRANDA, et al.,

10             Defendants.                  <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

11    _____/

12

13             Plaintiff hereby submits the following documents in compliance with the court's

     order filed _____:

14
             _____         completed summons form
15
             _____         completed forms USM-285
16
             _____         copies of the _____
17                                         Amended Complaint

18
             _____  Plaintiff consents to the dismissal of defendants
19                   Swingle and Nepomuceno without prejudice.

20        OR

21           _____  Plaintiff opts to file an amended complaint and delay service of process.

22
     Dated:
23

24                                        _____
                                               Plaintiff
25

26