IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY LASHER,

        Plaintiff,                  No. 2:11-cv-2564 WBS KJN P

    vs.

R. MIRANDA, et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' July 12, 2012 motion to modify the scheduling order and plaintiff's July 23, 2012 motions for appointment counsel and to postpone and restrict the length of plaintiff's deposition.

<u>Motion for Appointment of Counsel</u>

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Therefore,

1  plaintiff's request for the appointment of counsel is denied.

2  <u>Motion to Modify Scheduling Order and Motion to Postpone/Restrict Deposition</u>

3  *Legal Standard*

4  Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be

5  modified only for good cause and with the judge's consent."  <u>See</u> <u>also</u> <u>Zivkovic v. So. Cal.

6  Edison Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002) ("In general, the pretrial scheduling order can

7  only be modified 'upon a showing of good cause.'") (citing <u>Johnson v. Mammoth Recreations,

8  Inc.</u>, 975 F.2d 604, 607 (9th Cir. 1992)).  In <u>Johnson</u>, the Ninth Circuit Court of Appeals

9  described Rule 16's "good cause" inquiry:

10  A court's evaluation of good cause is not coextensive with an inquiry into the
    propriety of the amendment under ... Rule 15. Unlike Rule 15(a)'s liberal
11  amendment policy which focuses on the bad faith of the party seeking to interpose
    an amendment and the prejudice to the opposing party, Rule 16(b)' s "good cause"
12  standard primarily considers the diligence of the party seeking the amendment.
    The district court may modify the pretrial schedule if it cannot reasonably be met
13  despite the diligence of the party seeking the extension. Moreover, carelessness is
    not compatible with a finding of diligence and offers no reason for a grant of
14  relief. Although the existence or degree of prejudice to the party opposing the
    modification might supply additional reasons to deny a motion, the focus of the
15  inquiry is upon the moving party's reasons for seeking modification. If that party
    was not diligent, the inquiry should end.

16

17  <u>Johnson</u>, 975 F.2d at 609 (citations and quotation marks omitted, modification in original).

18  Judges of this court have articulated and undertaken the following three-step

19  inquiry in resolving the question of "diligence" in the context of determining good cause under

20  Rule 16:

21  [T]o demonstrate diligence under Rule 16's "good cause" standard, the movant
    may be required to show the following: (1) that she was diligent in assisting the
22  Court in creating a workable Rule 16 order; (2) that her noncompliance with a
    Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to
23  comply, because of the development of matters which could not have been
    reasonably foreseen or anticipated at the time of the Rule 16 scheduling
24  conference; and (3) that she was diligent in seeking amendment of the Rule 16
    order, once it became apparent that she could not comply with the order.

25

26  <u>Jackson v. Laureate, Inc.</u>, 186 F.R.D. 605, 608 (E.D. 1999) (citations omitted).

*Analysis*

Defendants request that the scheduling order be modified to extend the deadline to complete plaintiff's deposition.  Pursuant to the March 21, 2012 scheduling order, the discovery cut-off deadline was July 13, 2012.  Defendants request that this date be extended to August 31, 2012 for purposes of conducting plaintiff's deposition only.

Defendants state that they noticed plaintiff's deposition for July 12, 2012 at High Desert State Prison ("HDSP").  On June 27, 2012, plaintiff notified defendants and the court that he had been transferred to the California Training Facility ("CTF") in Soledad, California.  On July 3, 2012, defendants re-noticed plaintiff's deposition to take place on July 12, 2012 at CTS.

On July 11, 2012, defendants received plaintiff's motion to postpone and restrict the length of his deposition.  In this motion, plaintiff alleges that he does not have access to the law library or his legal materials because he is on orientation status at CTF.  Plaintiff also alleges that he is currently taking medication that affects his memory and cognition.  Plaintiff requests that the court postpone the deposition until he has access to his legal materials and the law library.  Plaintiff also requests that the deposition be limited to no more than four hours.  Plaintiff claims that he will be required to be transported to his deposition, which can take four hours per day.  Plaintiff also alleges that he would be given only bag lunches for meals, which would adversely affect his nutrition.  Plaintiff also expresses concern regarding whether he will receive his medication during the deposition.

In the motion to modify the scheduling order, defendants state that they do not oppose plaintiff's request to postpone the deposition.  Defendants oppose plaintiff's request that the deposition be limited to four hours.  Defendants state that plaintiff has made serious allegations against four medical providers which may require a deposition longer than four hours.

Good cause appearing, defendants' motion to modify the scheduling order and plaintiff's motion to postpone his deposition is granted.  Defendants shall conduct plaintiff's deposition on or before August 31, 2012.  Plaintiff should have access to his legal materials and

1    the law library by that date.

2            The court is puzzled by plaintiff's concerns regarding the conditions of the

3    deposition.  Defendants' amended notice indicates that the deposition will take place at CTF .

4    Because plaintiff is housed at CTF, his claim that attending his deposition will require four hours

5    of transportation, three sack lunches and the denial of medication is not well supported.

6            Accordingly, IT IS HEREBY ORDERED that:

7            1.  Plaintiff's July 23, 2012 motion for appointment of counsel (Dkt. No. 35) is

8    denied;

9            2.  Defendants' July 12, 2012 motion to modify the scheduling order (Dkt. No.

10   34) is granted; defendants shall conduct plaintiff's deposition on or before August 31, 2012;

11           3.  Plaintiff's July 23, 2012 motion to postpone his deposition is granted and to

12   restrict the length of his deposition is denied (Dkt. No. 36), as discussed above.

13   DATED:  August 17, 2012

14

15                                            _____

16                                            KENDALL J. NEWMAN
                                              UNITED STATES MAGISTRATE JUDGE
17   lash2564.31.kjn

18

19

20

21

22

23

24

25

26