1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GARY LASHER,

11          Plaintiff,                    No. 2: 11-cv-2564 WBS KJN P

12       vs.

13   R. MIRANDA, et al.,

14          Defendants.              ORDER

15   _____/

16          Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action

17   pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's August 29, 2012 motion to

18   compel and to reopen discovery, September 10, 2012 motion for transcripts, and September 10,

19   2012 motion in limine.  Also pending is defendants' October 1, 2012 motion to modify the

20   scheduling order.

21   Plaintiff's Motion to Compel and Motion to Re-Open Discovery

22          *Legal Standard*

23          Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be

24   modified only for good cause and with the judge's consent."  See also Zivkovic v. So. Cal.

25   Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) ("In general, the pretrial scheduling order can

26   only be modified 'upon a showing of good cause.'") (citing Johnson v. Mammoth Recreations,

1

1  Inc., 975 F.2d 604, 607 (9th Cir. 1992)).  In Johnson, the Ninth Circuit Court of Appeals

2  described Rule 16's "good cause" inquiry:

3        A court's evaluation of good cause is not coextensive with an inquiry into the
         propriety of the amendment under ... Rule 15. Unlike Rule 15(a)'s liberal
4        amendment policy which focuses on the bad faith of the party seeking to interpose
         an amendment and the prejudice to the opposing party, Rule 16(b)' s "good cause"
5        standard primarily considers the diligence of the party seeking the amendment.
         The district court may modify the pretrial schedule if it cannot reasonably be met
6        despite the diligence of the party seeking the extension. Moreover, carelessness is
         not compatible with a finding of diligence and offers no reason for a grant of
7        relief. Although the existence or degree of prejudice to the party opposing the
         modification might supply additional reasons to deny a motion, the focus of the
8        inquiry is upon the moving party's reasons for seeking modification. If that party
         was not diligent, the inquiry should end.

9

10 Johnson, 975 F.2d at 609 (citations and quotation marks omitted, modification in original).

11        Judges of this court have articulated and undertaken the following three-step

12 inquiry in resolving the question of "diligence" in the context of determining good cause under

13 Rule 16:

14       [T]o demonstrate diligence under Rule 16's "good cause" standard, the movant
         may be required to show the following: (1) that she was diligent in assisting the
15       Court in creating a workable Rule 16 order; (2) that her noncompliance with a
         Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to
16       comply, because of the development of matters which could not have been
         reasonably foreseen or anticipated at the time of the Rule 16 scheduling
17       conference; and (3) that she was diligent in seeking amendment of the Rule 16
         order, once it became apparent that she could not comply with the order.

18

19 Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. 1999) (citations omitted).

20        *Analysis*

21        Pursuant to the March 21, 2012, scheduling order, discovery closed on July 13,

22 2012.  This order further provided that all motions to compel were to be filed on that date and

23 that any discovery requests were to be served not later than sixty days prior to that date.

24        On August 17, 2012, the undersigned granted defendants' motion to modify the

25 scheduling order to extend the time for conducting plaintiff's deposition.  The undersigned also

26 granted plaintiff's request to postpone his deposition.  In particular, the undersigned ordered that

1   defendants had until August 31, 2012 to conduct plaintiff's deposition.  The grounds of these

2   requests were that plaintiff was transferred from High Desert State Prison ("HDSP") to the

3   California Training Facility ("CTF") on or around June 27, 2012, and did not have adequate

4   access to the law library and his legal materials in order to prepare for the deposition.

5              In the pending motion to compel and to reopen discovery, plaintiff alleges that he

6   sent defendants interrogatories on or around July 8, 2012.  Plaintiff alleges that on July 29, 2012,

7   defendants informed him that they would not respond to the discovery requests because they

8   were untimely.  In the pending motion, plaintiff requests that defendants be ordered to respond to

9   these requests.  Plaintiff alleges that because defendants received an extension of time to conduct

10  his deposition, plaintiff should have also been granted an extension of time to conduct discovery.

11  Plaintiff also alleges that due to limited law library access, he was unable to conduct timely

12  discovery.  Plaintiff also alleges that he could not conduct timely discovery because he was

13  transferred to a different prison.

14             Plaintiff's motion to postpone his deposition did not request an extension of time

15  to conduct discovery.  The August 17, 2012 order granting plaintiff's motion to postpone his

16  deposition clearly did not grant plaintiff an extension of time to conduct discovery.  For these

17  reasons, plaintiff's claim that he "should" have also been granted an extension of time to conduct

18  discovery when the court extended the time for his deposition is without merit.

19             Plaintiff's allegations in the pending motion regarding inadequate law library

20  access appear to concern conditions at CTF.  However, the time for serving defendants with

21  discovery requests ran before plaintiff transferred to CTF.  For that reason, allegedly inadequate

22  law library access at CTF does not explain plaintiff's failure to serve defendants with timely

23  discovery while he was housed at HDSP.

24             Plaintiff also alleges that he could not conduct timely discovery because he was

25  transferred.  However, the time for serving defendants with discovery ran before plaintiff was

26  transferred.  For that reason, plaintiff's transfer did not impact his ability to conduct discovery.

3

1    Therefore, for the reasons discussed above, plaintiff's motion to reopen discovery

2  is denied.

3  Motion for Transcripts

4    Plaintiff requests that he be provided with a copy of his deposition transcript, free

5  of charge.  Plaintiff also requests that he be allowed to review the deposition transcript pursuant

6  to Federal Rule of Civil Procedure 30(e).

7    Although plaintiff was granted leave to proceed in forma pauperis in this case, it

8  is well established that "'the expenditure of public funds [on behalf of an indigent litigant] is

9  proper only when authorized by Congress.'" Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989)

10  (quoting United States v. MacCollom, 426 U.S. 317, 321 (1976)). The expenditure of public

11  funds for deposition transcripts is not authorized by the in forma pauperis statute or any other

12  statute.  See 28 U.S.C. § 1915.  Accordingly, plaintiff's motion for a free copy of his deposition

13  transcript is denied.

14    Regarding plaintiff's request to review his deposition transcript, Federal Rule of

15  Civil Procedure 30(e)(1) provides that on request by the deponent before the deposition is

16  completed, the deponent must be allowed 30 days after being notified by the officer that the

17  transcript is available in which to review the transcript.

18    In their opposition, defendants argue that plaintiff did not request to review his

19  transcript before his deposition was completed.  In his reply, plaintiff alleges that he made a

20  request to review the transcript on the day of the deposition.  Plaintiff alleges that at the end of

21  the deposition, conducted telephonically, he waited until the Deputy Attorney General finished

22  talking to the stenographer.  Plaintiff alleges that the Deputy Attorney General concluded the

23  deposition before he had an opportunity to put his request on the record.  Plaintiff alleges that

24  after the Deputy Attorney General "rang off," he asked the stenographer about getting a copy of

25  the deposition.  Plaintiff alleges that the stenographer told him that his request to review the

26  deposition was in the record.

1    Plaintiff's claim that he requested to review the transcript after defense counsel

2  "rang off" suggests that his request was not made before the deposition was completed.  On the

3  other hand, plaintiff also states that the stenographer told him that his request was on the record.

4  Defendants, who are in possession of the deposition transcript, are ordered to inform the court

5  whether plaintiff's request to review the deposition transcript is contained in the record of the

6  deposition.

7  Motion in Limine

8    Plaintiff requests that evidence of his criminal record be excluded from evidence.

9  This motion is appropriately raised at the time of trial.  Accordingly, plaintiff's motion in limine

10  is denied without prejudice as premature.  The court will inform plaintiff when motions in limine

11  are due in the pretrial order.

12  Defendants' Motion to Modify the Scheduling Order

13    The dispositive motion cut-off date was October 5, 2012.  Defendants request a

14  forty-five day extension of time to file a summary judgment motion.  Defendants state that the

15  delay in conducting plaintiff's deposition, as well as unexpected deadlines in other cases,

16  prevented the timely preparation of a summary judgment motion.  Good cause appearing,

17  defendants' motion is granted.

18    Accordingly, IT IS HEREBY ORDERED that:

19    1.  Plaintiff's motion to compel and to reopen discovery (dkt. No. 38) is denied;

20    2.  Within fourteen days of the date of this order, defendants shall inform the court

21  whether plaintiff's request to review the deposition transcript is contained in the record of the

22  deposition;

23    3.  Plaintiff's motion in limine (dkt. No. 40) is denied without prejudice;

24  ////

25  ////

26  ////

1          4.  Defendants' motion to modify the scheduling order (dkt. No. 44) is granted;

2    defendants may file a summary judgment motion on or before November 19,  2012.

3    DATED:  October 17, 2012

4

5                                                      _____

                                                        KENDALL J. NEWMAN

6                                                        UNITED STATES MAGISTRATE JUDGE

7    lash2564.dis

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26