IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY LASHER,

        Plaintiff,                        No.  2:11-cv-2564 WBS KJN P

    vs.

R. MIRANDA, et al.,

        Defendants.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner, proceeding without counsel, in an action brought under 42 U.S.C. § 1983.  On December 26, 2012, plaintiff filed a motion for extension of time to file and serve an opposition to defendants' November 19, 2012 motion for summary judgment. This filing was signed by plaintiff on December 7, 2012.  However, on December 18, 2012, plaintiff's "objection" to defendants' motion for summary judgment was filed.  This document was also signed by plaintiff on December 7, 2012.

        Pro se prisoner filings are dated from the date the prisoner delivers it to prison authorities.  <u>Houston v. Lack</u>, 487 U.S. 266, 275-76 (1988).  Thus, plaintiff's December 18, 2012 filing is timely, and no extension of time is required.

        Plaintiff also requests that the court appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  <u>Mallard v. United States</u>

1

Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time (dkt. no. 57) is denied as moot; and

2. Plaintiff's motion for the appointment of counsel (dkt. no. 55) is denied without prejudice.

DATED: January 8, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

lash2564.36