UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LASHER,<br><br>  Plaintiff,<br><br>  v.<br><br>R. MIRANDA, et al.,<br><br>  Defendants. | No. 2: 11-cv-2564 WBS KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, in an action brought under 42 U.S.C. § 1983. On August 2, 2013, the court granted in part and denied in part defendants' summary judgment motion. By separate order, this action will be scheduled for trial.

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The

1

1  burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances
2  common to most prisoners, such as lack of legal education and limited law library access, do not
3  establish exceptional circumstances that warrant a request for voluntary assistance of counsel.
4      The issue left for trial is whether the alleged delay in plaintiff's shoulder surgery caused
5  plaintiff to suffer pain and suffering.  This issue is not particularly complicated.  Plaintiff has
6  represented himself competently in this action.  Accordingly, having considered the factors under
7  Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional
8  circumstances warranting the appointment of counsel at this time.
9      Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of
10  counsel is (ECF No. 63) denied without prejudice.
11  Dated:  August 9, 2013

lash2564.31

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2