UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LASHER,<br><br>          Plaintiff,<br><br>     v.<br><br>R. MIRANDA, et al.,<br><br>          Defendants. | No.  2:  11-cv-2564 JAM KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff is state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  For the following reasons, the undersigned recommends that this action be dismissed.

    This action is set for jury trial before the Honorable John A. Mendez on September 22, 2014.  On March 3, 2014, defendants informed the court that plaintiff had been extradited from California to Arizona.  (ECF No. 84.)  Plaintiff did not file a notice of change of address reflecting his Arizona address.  Accordingly, on March 10, 2014, the undersigned ordered plaintiff to show cause within thirty days why this action should not be dismissed for his failure to file a notice of change of address.  (ECF No. 87.)  Thirty days passed and plaintiff did not respond to the March 10, 2014 order.

    "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action.  Thompson v. Housing

1

1  Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  Thus, a court may dismiss an
2  action based upon a party's failure to prosecute an action or failure to obey a court order.  See,
3  e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply
4  with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128,
5  130 (9th Cir. 1987) (dismissal for failure to comply with a court order).
6    To determine whether to dismiss an action for failure to prosecute or failure to obey a
7  court order, the court must consider several factors, including: "(1) the public's interest in
8  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
9  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and
10  (5) the availability of less drastic sanctions."  Henderson v. Duncan, 779 F.2d 1421, 1423–24 (9th
11  Cir. 1986); see also Ferdik, 963 F.2d at 1260–61; Thomspon, 782 F.2d at 831.
12    Considering the first factor, plaintiff's failure to comply with the court order directing him
13  to file a notice of change of address demonstrates his lack of interest in prosecuting this action.
14  The public's interest in the expeditious resolution of litigation favors the dismissal of cases where
15  the plaintiff has lost interest.  The court's need to manage its docket also favors dismissal under
16  these circumstances.  Defendants will be prejudiced if they are required to prepare for a trial in an
17  action that the plaintiff apparently has no interest in prosecuting.  Because plaintiff has not
18  communicated with the court, it does not appear that less drastic sanctions are appropriate.  While
19  the public policy favoring disposition of cases on their merits weights against dismissal, the other
20  four factors indicate that dismissal of this action is appropriate.
21    Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall serve this order
22  on plaintiff at the following addresses:  1) Gary Lasher, c/o Yavapai County Detention Center
23  2830 North Commonwealth Drive, Suite 105, Camp Verde, Arizona, 86322; and 2) Gary Lasher,
24  F-86589, Pleasant Valley State Prison, P.O. Box 8500, Coalinga, CA, 93210;
25    IT IS HEREBY RECOMMENDED that this action be dismissed
26    These findings and recommendations are submitted to the United States District Judge
27  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
28  after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 18, 2014

Lash2564.dis

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE