1
2
3
4
5
6
7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  GARY LASHER,                              No. 2:11-cv-2564 JAM KJN P

12            Plaintiff,

13       v.                                   ORDER

14  R. MIRANDA, et al.,

15            Defendants.

16

17       Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant

18  to 42 U.S.C. § 1983.  On January 7, 2015, the court vacated the January 26, 2015 trial date on

19  grounds that the December 29, 2014 order confirming the trial date served on plaintiff was

20  returned by the postal service.  On January 15, 2015, plaintiff filed a response to defendants'

21  January 7, 2015 motion to modify the pretrial order.  (ECF No. 101).  Plaintiff's January 7, 2015

22  pleading contains his current address and court records have been amended to reflect this new

23  address.  Accordingly, the trial date is reset herein.

24       Two motions are pending before the court.

25  Defendants' Motion to Modify the Pretrial Order (ECF No. 100)

26       In the motion to modify the pretrial order, defendants request that the pretrial order be

27  modified to allow them to substitute an expert witness.  (ECF No. 100).  Defendants listed Dr.

28  Dowback as a medical expert in their pretrial statement.  (Id. at 1.)  Because the trial date has

1

1  been reset on several occasions, Dr. Dowback is no longer willing to participate in the trial.  (Id.)
2  Defendants request that the court allow them to call Dr. Gabrial Williams as a medical expert
3  instead of Dr. Dowback.  (Id. at 2.)
4     The court may modify a final pretrial order only to prevent manifest injustice.  Fed. R.
5  Civ. P. 16(e).  The following factors must be considered in determining whether to modify the
6  pretrial order: (1) degree of prejudice or surprise to plaintiff; (2) the ability of plaintiff to cure any
7  prejudice; (3) the impact of the modification on the orderly and efficient conduct of the case; and
8  (4) any degree of willfulness or bad faith on the part of defendant.  Hunt v. County of Orange,
9  672 F.3d 606, 616 (9th Cir. 2012).
10     Plaintiff will not be prejudiced by the substitution of Dr. Williams as an expert witness.
11  As noted by defendants in their motion, Dr. Williams will testify on the same issues as Dr.
12  Dowback.  Plaintiff can ask the same questions of Dr. Williams that he would pose to Dr.
13  Dowback.  Should Dr. Williams express an opinion different from that expressed by Dr.
14  Dowbeck, plaintiff can impeach Dr. Williams with Dr. Dowback's report.
15     Allowing defendants to substitute Dr. Williams as an expert witness will not impact the
16  orderly and efficient conduct of the case.  The court also finds no willfulness or bad faith on the
17  part of defendants in connection with the pending request.
18     Good cause appearing, defendants' motion to modify the pretrial order to substitute Dr.
19  Williams as an expert witness is granted.
20  Plaintiff's Motion for Appointment of Counsel and to Reopen Discovery
21     Plaintiff requests that the court appoint counsel.  (ECF No. 101.)  District courts lack
22  authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v.
23  United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may
24  request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell
25  v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36
26  (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must
27  consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to
28  articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v.

Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel.

Plaintiff also requests that the court reopen discovery. (ECF No. 101.) The grounds of this request are that plaintiff has been transferred more than eight times since filing this action, hindering his access to his legal property. Plaintiff also alleges that he was in administrative segregation at various times, which also hindered his access to his legal property. For the following reasons, plaintiff's motion to reopen discovery is denied.

On March 21, 2012, Magistrate Judge Newman issued the scheduling order, setting the discovery cut-off date for July 13, 2012. (ECF No. 26.) On June 27, 2012, plaintiff filed a notice of change of address indicating that he had been transferred to the California Training Facility ("CTF"). (ECF No. 33.) On July 12, 2012, defendants filed a motion to modify the scheduling order to extend the discovery deadline in order to complete plaintiff's deposition. (ECF No. 34.) On August 17, 2012, Magistrate Judge Newman granted defendants' motion and ordered defendants to conduct plaintiff's deposition on or before August 31. 2012. (ECF No. 37.)

On August 29, 2012, plaintiff filed a motion to compel and to reopen discovery. (ECF No. 38.) On October 18, 2012, Magistrate Judge Newman denied this motion. (ECF No. 47.)

"In general, the pretrial scheduling order can only be modified 'upon a showing of good cause.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992)). "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Id. (quoting Johnson, 975 F.2d at 609). If the party seeking the modification "was not diligent, the inquiry should end" and the motion to modify should not be

granted. Id. (quoting Johnson, 975 F.2d at 609).

The record demonstrates that plaintiff was granted an adequate opportunity to conduct discovery. His request to reopen discovery was previously considered and rejected. Plaintiff has not shown good cause to revisit this request. Accordingly, plaintiff's motion to reopen discovery is denied.

Accordingly, IT IS HEREBY ORDERED:

1. Defendants' motion to modify the scheduling order to substitute Dr. Williams as an expert witness (ECF No. 100) is granted;

2. Plaintiff's motion for the appointment of counsel (ECF No. 101) is denied;

3. Plaintiff's motion to reopen discovery (ECF No. 101) is denied;

4. The jury trial is reset for June 8, 2015 at 8:30 a.m. before the undersigned.

DATED: 1/21/2015

/s/ John A. Mendez
JOHN A. MENDEZ, U.S. DISTRICT COURT JUDGE